IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLON M. BOYD, EXECUTOR OF THE ESTATE OF CAMMERIN BOYD,<br><br>            Plaintiff,<br>   v.<br><br>ALAMEDA COUNTY, et al.,<br><br>            Defendants.<br>_____/ | No. C 02-02461 SI<br><br>**ORDER GRANTING DEFENDANT DR. STEPHEN WYMAN'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Dr. Stephen Wyman filed a motion for summary judgment on December 5, 2005, to which plaintiff has not filed a response. Pursuant to Civil Local Rule 7-1(b), the Court determines the motion without oral argument. Having carefully considered the papers submitted, the Court hereby GRANTS defendant's motion for the reasons set forth below.

**BACKGROUND**

This lawsuit arises from events occurring while decedent Cammerin Boyd ("Boyd" or "decedent") was in the custody of various Alameda County and state correctional institutions between January 27, 2000 and August 26, 2001: San Quentin State Prison, Deuel Vocational Institute for Men ("DVI"), California Institute for Men ("CIM"), Pleasant Valley State Prison ("PVSP"), and Santa Rita County Jail. This action is brought by plaintiff Marylon M. Boyd, decedent's mother, on behalf of the estate of Cammerin Boyd.[1] At all relevant times, both of decedent's legs were amputated below the knee. Third Am. Compl. ¶ 6. The complaint alleges that, during his incarceration, Boyd was subjected

---

[1] Plaintiff Marylon Boyd is also counsel for plaintiff in this matter.

to unsanitary conditions, deprived of adequate medical care, housed in inappropriate accommodations for his disability, and subjected to disparate treatment, excessive force, and other statutory and constitutional violations. *Id*. at ¶¶ 6-8.

Decedent filed a complaint with this Court on May 20, 2002, against 41 defendants, alleging discrimination and harassment based on race (African-American) and disability, conspiracy to deprive Boyd of his civil rights, retaliation against Boyd after he filed grievances and made complaints, and various state law violations.[2] This action has now been dismissed against all defendants except Dr. Wyman, either for failure to serve or on the merits. Plaintiff obtained entry of default against defendant Dr. Wyman on May 5, 2005, due to defendant's failure to appear or otherwise respond to a summons. This Court set aside the entry of default against defendant Dr. Wyman on November 12, 2005, for good cause shown. Defendant Wyman has now filed an uncontested motion for summary judgment.

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *See Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

---

[2] Boyd died on May 5, 2004, under circumstances unrelated to the facts of this case. Marylon Boyd, as executor of his estate, replaced him as plaintiff in an amended complaint filed on December 14, 2004.

2

1  475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence . . . will be insufficient; there
2  must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v.*
3  *Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  In a motion for summary judgment, the evidence is
4  viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn
5  in its favor. *See id*. at 255.  "Credibility determinations, the weighing of the evidence, and the drawing
6  of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for
7  summary judgment." *Id*.

## DISCUSSION

10  The complaint alleges that defendant Wyman was the Health Care Manager and Chief Medical Officer at CIM while Boyd was incarcerated there. Third Am. Compl. ¶ 34. The complaint also alleges that Boyd was incarcerated at CIM from June 2001 until August 2001. Third Am. Compl. ¶ 59, 65. Defendant has submitted a declaration stating that he retired as of October 1, 2000, and that he was no longer an employee of CIM during the time of Boyd's incarceration in 2001. Wyman Decl. ¶ 10. Defendant argues that he therefore cannot be held liable for any injuries that Boyd may have suffered at CIM. Plaintiff has failed to respond to defendant's motion or submit any evidence whatsoever disputing Wyman's declaration. The Court concludes that there is no genuine issue of material fact, and that defendant is entitled to summary judgment. As the Court finds it is undisputed that Dr. Wyman was not employed at CIM during the relevant time period, the Court need not address defendant's other arguments in support of summary judgment.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendant's motion for summary judgment (Docket No. 323).

**IT IS SO ORDERED.**

Dated: January 25, 2006

SUSAN ILLSTON
United States District Judge

3